ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -                                        )
                                                   )
Aspen Consulting, LLC                              )        ASBCA No. 61122
                                                   )
Under Contract No. W9127S-13-C-6003                )

APPEARANCES FOR THE APPELLANT:          Gerald H. Werfel, Esq.
                                        Ian A. Cronogue, Esq.
                                          Baker, Cronogue, Tolle & Werfel, LLP
                                          McLean, VA


APPEARANCES FOR THE GOVERNMENT:         Michael P. Goodman, Esq.
                                          Engineer Chief Trial Attorney
                                        Allen S. Black, Esq.
                                        Siobhan Fabio, Esq.
                                          Engineer Trial Attorneys
                                          U.S. Army Engineer District, Little Rock


OPINION BY ADMINISTRATIVE JUDGE MCILMAIL

On October 14, 2020, we denied the appeal of appellant, Aspen Consulting, LLC, in which Aspen seeks $264,470.79 (plus interest) that it says represents two contract payments, pursuant to Invoice Nos. 201501-1 and 201501-2, that the U.S. Army Corps of Engineers (government) misdirected to an account at Commerzbank (a German bank), arising from work performed to outfit the U.S. Army Health and Dental Clinics in Rose Barracks, Vilseck, Germany.[1] *Aspen Consulting, LLC*, ASBCA No. 61122, 20-1 BCA ¶ 37,715 at 183,088. The United States Court of Appeals for the Federal Circuit reversed, holding that the government materially breached the contract by making those payments to an account other than the one listed in the Central Contractor Registration, in violation of Federal Acquisition Regulation 52.232-33 (2003). *Aspen Consulting, LLC v. Sec'y of Army,* 25 F.4th 1012, 2022 WL 385913 at *4 (Fed. Cir. 2022). Familiarity with both opinions is presumed.

In its opinion, the Court noted, regarding the government's payment defense (which our opinion had not addressed) that "[p]ayment is an affirmative defense, and the defendant bears the burden of proof," and directed that on remand "[i]f the government establishes that the misdirected funds . . . were subsequently used for Aspen's benefit. . .

---

[1] In our opinion we stated that Aspen sought $264,470.70, which amount Aspen referenced in its brief (app. br. at 13). However, Aspen's complaint seeks $264,470.79 (compl. at 7 ¶ 26).

the Board is 'required to credit the government' with the value of those funds used for Aspen's benefit," stating that "[a] debtor who makes contractually required payments to a third party or to a different account will have a 'valid defense' to a breach of contract claim if it can show that the misdirected payments benefitted the creditor." *Id.* In support of its payment defense, the government points to the September 23, 2019 declaration of Anna Muth (gov't br. at 26, 49; gov't reply at 17, 19), who was a business manager for Aspen's operations in Germany (R4, tab I-22 ¶ 3). Ms. Muth states:

> In my position, I was personally responsible to insure that each Vilseck vendor and subcontractor got paid. That also included making sure that each employee who worked on the Vilseck project for Aspen was properly compensated. From the inception of the Vilseck contract until my last day working for Aspen, I made sure that every invoice that was presented and every hour that was worked was paid from the Commerzbank account. . . . Based upon my records, . . . I can state in good faith that the funds deposited by the U.S. Army, Corps of Engineers in the Aspen Commerzbank account pursuant to payment of Aspen invoices [Invoice Nos. 201501-1 and 201501-2] were all expended to satisfy the following expenses:
>
> a. Invoice #4530, D&T Shop, 43.638,73 Eur
> b. Invoice #N/A, Schabel, 10.043,60 Eur
> c. Invoice #PO0001, Andreas Schmidt, 5.820,29 Eur
> d. Invoice #39593, ITBoost, 2.257,91 Eur
> e. Invoice #D976453, SKSonic, 195,16 Eur
> f. Invoice #6, BFrench Consulting, GmbH, 2.038,47 Eur
> g. Invoice #17984, BFrench Consulting GmbH, 203,74 Eur
> h. Invoice #D80054, MediTrade, 733,04 Eur
> i. Invoice #1656882, Henry Schein, 2.652,51 Eur
> j. Invoice #PSI000246, SIOTS, $98,232.82
> k. Invoice #PSI000280, SIOTS, $7,539.65
> l. Invoice #6003VILSECK2015, Ben French Consulting, 16.721,93 Eur
> m. Invoice #D005237, EWald, 5.243,14 Eur
> n. Invoice #DM1000LED, Leica Microsystems, 8.568,00 Eur
> o. Invoice #INT04221, Provita Medical, 7.110,25 Eur
> p. Invoice #N/A, Andreas Schmidt, 8.806,00 Eur
> q. Invoice #N/A, Andreas Schmidt, 10.512,46 Eur
> r. Invoice #414941, Siemens, 6.548,09 Eur
> s. Invoice #208963, HEAD, GmbH, 145,20 Eur
> t. Invoice #714, M. Mack-Transporte GmbH, 321,30 Eur

u. Invoice #173/15, Schabel, 32.656,79 Eur
v. Invoice #6003VILSECK201509, 4.941,97 Eur
w. Invoice #6003VILSECK201510-10, 4.000,00 Eur
x. Invoice #013/15, Schabel, 9.246,30 Eur

The amount of invoices paid was greater than the
$264,470.79 paid into the Aspen Commerzbank account
by the U.S. Army, Corps of Engineers.  These invoices can be
found in the exhibits to my deposition given
in this matter.  All of the funds deposited by the Corps were
expended toward payments to vendors,
subcontractors and employees on the Vilseck project.

(*Id.* ¶ 8 (alteration added))  Aspen's post-hearing briefing ignores that declaration, but points (reply at 9) to the declaration of Aspen's Chief Financial Officer, who states:

After the Misdirected Payments were made, Mr. French used
funds from the Commerzbank account to satisfy many debts
that his company, B. French Consulting GmbH, was
contractually liable for paying.  Aspen did not and would not
have approved the use of the funds for this purpose.  Aspen
was not responsible for B. French Consulting GmbH's
contractual debts.

(App. reply, ex. 2 ¶ 17)

We are more persuaded by, and credit, the more detailed and specific declaration of Ms. Muth, and find based upon that declaration that the government has established that the $264,470.79 in misdirected funds at issue in this appeal were subsequently used for Aspen's benefit.  Accordingly, we credit the government with having paid that misdirected $264,470.79 to the benefit of Aspen, and hold that the government has, thus, proved its affirmative defense of payment.  Consequently, Aspen is not entitled to any recovery in this matter, and the appeal is denied.[2]

---

[2]  Aspen relies upon our decision in *S.A.S. Bianchi Ugo fu Gabbriello*, ASBCA No. 53800, 05-2 BCA ¶ 33,089 at 164,017 (app. br. at 1 n.1, 11-12; app. reply at 3, 9-10), but the Federal Circuit rejected that reliance, holding that "[t]o the extent that *Bianchi* holds that the government cannot prevail on a payment defense even if it proves that the creditor 'obtained a financial benefit from' the misdirected payment, [] that decision is inconsistent with our decision here." *Aspen Consulting*, 2022 WL 385913 at *5 n.1 (internal citation omitted).

<u>CONCLUSION</u>

The appeal is denied.

Dated: June 3, 2022

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I <u>concur</u>

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I <u>concur</u>

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61122, Appeal of Aspen Consulting, LLC, rendered in conformance with the Board's Charter.

Dated: June 7, 2022

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

4